# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHIRLEY, | |
| Plaintiff, | Case No. 09 C 7894 |
| v. | Hon. Harry D. Leinenweber |
| JED CAPITAL, LLC and JOHN HARADA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Court issued a Memorandum Opinion on July 7, 2010 in which it denied Defendants' Motion to Dismiss Count 6 of Plaintiff's Complaint alleging violation of federal securities laws but granted the Motion as to Count Seven, alleging violation of RICO.

The dismissal of Count Seven was without prejudice to allow Plaintiff to amend his Complaint if he could do so. Plaintiff has filed what is denominated as "Revised Second Amended Complaint" in which he adds certain allegations seeking to correct the previous Complaint's deficiencies as found by the Court.

Defendants have renewed their Motion to Dismiss Count 7 and, because, in their view, Plaintiff added an additional fact to his Amended Complaint, have reasserted the Motion to Dismiss Count Six based on this additional fact.

## II. **DISCUSSION**

### A. Count Six

The gravamen of Defendants' renewed Motion to Dismiss Count Six is an additional allegation in the Second Amended Complaint that Plaintiff, at the time he made his second investment in JED Capital, LLC ("JED") in September 2008, had already been made a manager of JED. Therefore, he was an active, as opposed to a passive investor, and, consequently, his investment was not the purchase of a security interest and, thus, the federal securities laws were not implicated. If, in fact, he obtained managerial rights at the time of the September 2008 investment, Defendants would be right as to that investment. However, there apparently is no question that Plaintiff was not a manager when he made his initial investment in July 2007. Accordingly, it would be premature to dismiss Count Six at the pleading state of the case. The renewed Motion to Dismiss Count Six is denied.

### B. Count Seven

The Revised Second Amended Complaint has added substantial verbiage to the allegations of mail and wire fraud that are intended to be predicate acts in support of the Section 1962(c) RICO claim. As previously pled, Plaintiff claimed that John Harada ("Harada") paid the bulk of expenses of a separate corporation ("NTKN") in which he had an interest from JED funds without obtaining reimbursement; made improperly documented loans to NTKN

out of JED funds without obtaining repayment; paid money to another company to cover a bad trade it made without obtaining repayment; sold NTKN without reimbursing JED from the proceeds of the sale; and personally loaned funds to JED, then converted the debt created to equity, but still paid himself interest on these "loans." Plaintiff alleges that many of these illicit payments were made by wire transfer. He also alleges that false and misleading tax forms were mailed out. The Court dismissed the RICO count because the original allegations failed to meet the heightened pleading standards of Rule 9(b), *i.e.*, the who, what, when, and where of the fraudulent acts. The additional allegations contained in the Second Amended Complaint are Plaintiff's effort to comply with Rule 9(b). Defendants contend that Plaintiff has failed to correct the deficiencies.

As stated earlier, Plaintiff has added substantial verbiage to the RICO allegations which do include many dates or time periods, the illicit purposes of the payments, and the locations where many of the payments were made. However, each of the allegations alleged to be fraudulent are based on the same boilerplate statement that:

> "Harada, in making these payments, was fraudulent as to all members of JED including Plaintiff in that Harada had represented to all members of JED both implicitly, explicitly and by execution of the JED operating agreement that Harada would operate JED in the best interests of JED and its members. These representations were made at the time of each

> member's investment in JED, from time to time and specifically on January 1, 2007, when Harada executed the JED Capital Operating Agreement which subjects Harada to the fiduciary obligation contained in the Illinois Limited Liability Act which fiduciary obligation was breached by the payments Harada caused to be made as outlined in this paragraph. Said payments were not known by or consented to by JED's members."

Defendants argue that these paragraphs merely allege violations of fiduciary duty which is not one of the acts which the RICO statute authorizes as a predicate act, nor are they sufficient to form the basis of a charge of mail or wire fraud, which is an authorized predicate act. *McDonald v. Schencker*, 18 F.3d 491, 495 n. 3 (7th Cir. 1994). The Court agrees. The elements that can transform a mere fiduciary breach into a criminal offense, *i.e.*, mail or wire fraud, is fraudulent intent with actual harm and injury contemplated. Here the only basis for the alleged fraud is the execution of the Capital Operating Agreement in 2007. It is a complete stretch to say that Harada, when he executed the Capital Operating Agreement, had the intention at that time to make the alleged improper payments, many of which occurred several years later, and that he had the intention to use the mails and wires at that early date. These allegations therefore lack plausibility. While the plausibility standard to date has been applied only in regard to meeting Rule 8's requirements, nevertheless there would appear to be no reason why the concept of plausibility would not

apply together with the heightened pleading standards of Rule 9(b).

What we have here in Plaintiff's RICO allegations are "garden variety" violations of Harada's fiduciary duty as a manager based on misappropriations of JED's money. Such acts, of course, may subject Defendants to civil liability but do not subject them to RICO liability.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Renewed Motion to Dismiss Count Seven is granted, this time with prejudice.

**IT IS SO ORDERED.**

                    Harry D. Leinenweber, Judge
                    United States District Court

**DATE:** 11/19/2010